WILLIAM MULHERIN SONS & CO. v. STANSELL.

1. PAYMENTS.—FINDING that debtor did not direct application of payment reversed on the ground that debtor wrote and mailed to creditor, on day that money was expressed to him, a letter in which he directed application of the payment, which was not received by creditor; receipt of creditor applying payment otherwise than as directed in lost letter being promptly returned to creditor with a letter directing paying as directed in lost letter.

2. INTEREST.—OPEN ACCOUNT secured by mortgage which provides that in case of sale of mortgaged property, proceeds should be applied "to the discharge of said debt and interest and expenses," should draw interest from date it is due.

Before W. C. BENET, special Judge, Aiken, July, 1904. Modified.

Action by William Mulherin Sons & Co. against Emma H. Stansell and John J. Kirksey. From Circuit decree, defendants appeal.

*Messrs. Croft & Salley,* for appellants, cite: *When should instruction be made as to application to payment made by express?* 23 S. C., 368; 42 S. C., 108; 20 S. C., 34. *Intention to apply a payment may be inferred from attending circumstances:* 11 Ency., 450; 2 McC., 205; Bail. Eq., 426; 7 Wheat., 20; 12 S. C., 35. *No interest is allowed on open accounts:* 2 Bay, 233; 1 DeS., 537; 4 McC., 394; 2 McC., 128; Harp., 57, 254; 2 Bail., 174, 296; 1 Speer, 211, 259; 14 S. C., 146; 30 S. C., 325; 30 S. C., 177; 47 S. C., 184.

*Messrs. Hendersons,* contra, cite: *Interest should be allowed on liability to pay money from time it was demandable:* 2 Spear, 596; 30 S. C., 326; 47 S. C., 186.

March 6, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was to foreclose a chattel mortgage given by defendant to plaintiff, September 6th, 1896, to secure three promissory notes; one for $145.92, dated December 7th, 1896, due March 1st, 1897; one for $260, dated November 20th, 1896, and due November 1st, 1897; and the third for $260, dated November 20th, 1896, and due November 1st, 1898, each bearing interest from date at eight per cent. The mortgage further secured "a line of credit with William Mulherin Sons & Co. of $200." The Circuit Court, allowing credits for certain payments, adjudged that the sum of $156.63 was due upon the mortgage, including interest, and gave decree of foreclosure for that amount. The exceptions raise two questions.

(1) Whether the mortgage debts should be credited with a payment of $100, made January 3d, 1899, which plaintiff

applied to the account not secured by the mortgage. The Circuit Court held that the defendant made no direction as to the application of the payment at the time made, and that plaintiff had the right to apply to the unsecured debt, and, therefore, disallowed the credit. The rule of law is well settled, that if a debtor, at the time of making a payment does not direct to which of several accounts on which he is indebted, the payment shall be applied, the creditor is entitled to make the application at any time before judgment or verdict. *Heilbton* v. *Bissell,* Bailey's Eq., 430; *Brice* v. *Hamilton,* 12 S. C., 37.

We are constrained, however, after a careful examination of the testimony, to disagree with the Circuit Court's finding of fact that the defendant made no direction as to the application at the time of payment. The plaintiffs live and do business in Augusta, Ga., and the defendants reside at Sallys, in Aiken County, S. C. The $100 was expressed to plaintiff on January 3d, 1899, and was received by plaintiff. Plaintiff testified that no letter or word directing the application was received, either before or at the time of remittance, and that he applied the payment to the unsecured account and sent defendant a receipt therefor. J. C. Stansell, who managed defendant's business, testified that on the 3d day of January, 1899, the same day on which he forwarded the $100 by express, he mailed a letter to plaintiffs, directing application of money to the unpaid note secured by the mortgage. The express agent, A. Q. Shealy, corroborates this to the extent of saying that he read a letter of that import by defendant to plaintiffs, but that it did not accompany the express package and that he did not see it mailed. It is undisputed that defendant returned to plaintiff the receipt showing application of payment to account, with the following letter: "Sallys, S. C., Jan. 6th, 1899. Mess. Wm. Mulherin Sons & Co., Augusta, Ga. Dear Sirs: I return you the receipt for $100 you sent me. You will please send me receipt against the note of $150, balance due

November 4th, 1898, as I wrote you in my letter the same day as money was sent. Be kind enough to send me receipt, as requested, by next mail. Respectfully, E. H. Stansell." The evidence showed that both parties knew their legal rights with reference to the application of payment, and both knew that the circumstances rendered it important to plaintiff to make application to the unsecured account, and important to defendant to have the application made to the mortgage debt. There was a second chattel mortgage on defendant's stock of merchandise, and there was a strong prospect that plaintiff would foreclose. Under these circumstances, it is extremely probable that any one in defendant's circumstances would have mailed such a letter directing application of payment so as to relieve defendant's stock of merchandise, and there is nothing to contradict J. C. Stansell's positive testimony that he did mail such letter on January 3d, 1899. Accepting plaintiff's statement that no such letter was received by him, still defendant should not be deprived of her legal right to direct the application when she used the means ordinarily deemed adequate for such communications, and was prompt to inform plaintiff of her wishes when she heard her letter had not been received, and in repudiating the application made by plaintiff, contrary to defendant's intentions. Plaintiff having made all reasonable effort to direct application at the time of payment, she should not be deprived of her legal right merely because there was a miscarriage of her letter, without fault or negligence on her part.

(2) The second question is whether the Court erred in allowing interest on the line of credit of $200. We think the Court did not err in this. The chattel mortgage was given to secure a line of credit of $200. A condition of the mortgage was that "Mortgagor shall pay to the mortgagee the sum of her several promissory notes, as well as such sums as may be due on open account under the line of credit herein provided for, *when the same*

*shall become due"* (emphasis ours) ; and the mortgage further provided that the proceeds of said sale shall be applied "to the discharge of said debt and interest and expenses." We think the word "interest" is as broad in its application as the word "debt," and refers to the whole indebtedness sought to be secured by the mortgage. We, therefore, have an agreement on the part of defendant to pay interest on the account to the extent of the credit, $200. The Circuit Court has found that this amount was due January 5th, 1899, and we see no reason for disturbing that conclusion of fact, as the plaintiff, at folio 32, testified that when the $100 payment was made, on January 3d, 1899, the account was due, and there was nothing shown by defendant to the contrary.

It is, therefore, adjudged, that the decree of the Circuit Court be modified, so as to allow a credit of $100 upon the mortgaged debt, as of the date of payment, January 3d, 1899, and the case is remanded for correction of the judgment in this particular.

MR. JUSTICE GARY *did not sit in this case on account of illness.*